UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

E.C.H., K.A.H., and A.M.H., by and through
their Parents, A.H. and M.H.,

       Plaintiffs,

 v.            Case No. 23-cv-796

BURLINGTON AREA SCHOOL DISTRICT,
SCOTT SCHIMMEL (in his individual capacity,
and DANIEL POWERS (in his individual capacity),

       Defendants.

---

### COMPLAINT

---

Plaintiffs E.C.H., K.A.H. and A.M.H., by and through their Parents, A.H. and M.H., by their attorneys, DAVIS & PLEDL, SC, by Robert Theine Pledl and Victoria Davis Dávis, state the following as their Complaint:

### I. INTRODUCTION

1. This case involves sexual harassment of the minor Plaintiffs by class room aide Daniel Powers at Dyer Elementary School during the 2021-2022 school year. The sexual harassment was frequent, pervasive and included criminal sexual assaults. Harassment occurred over a lengthy period of time and was known to mutltiple Dyer employees. This complaint alleges violations of Title IX - 20 U.S.C. § 1681, and 42 U.S.C. §1983 based on the equal protection and due process components of the Fourteenth Amendment. It also alleges causes of action for negligent hiring, training, supervision and retention under Wisconsin law.

1

2. At various times before and during the 2021-2022 school year, Dyer Elementary Principal Scott Schimmel and other employees of the Burlington Area School District had credible information about improper conduct by Daniel Powers that included actionable sexual harassment, but did not take appropriate action to either prevent harm or prevent further harm to Plaintiffs E.C.H., K.A.H. and A.M.H. The sexual harassment has had a profound impact on their education and their lives. Plaintiffs seek to hold the Defendants responsible for the inaction and deliberate indifference which allowed it to occur.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) because the Plaintiffs reside in the Eastern District of Wisconsin, the Burlington Area School District is located in this District and a substantial part of the acts or omissions giving rise to the claim occurred within this District.

## III. Parties

6. PLAINTIFFS E.C.H, K.A.H., and A.M.H. are minor residents of Walworth County, Wisconsin. They were and are students in the Burlington Area School District.

7. A.H. and M.H. are the parents of E.C.H, K.A.H., and A.M.H. and they bring this action on behalf of the Plaintiffs. Parents A.H. and M.H. reside in Walworth County with their children.

8. This action is brought anonymously. Plaintiffs are minors and they seek to preserve their privacy in this sensitive and highly personal matter. They wish to avoid any further harm or embarrassment as this case deals with the sexual abuse of female elementary aged students by an adult male school employee. The Plaintiffs are identified only by their initials in the public records of the pending criminal case against Daniel Powers. There is no risk of prejudice to the Defendants. Plaintiffs are currently students in the Burlington Area School District. Their actual identities and their home address are known to the Defendants and other District staff.

9. DEFENDANT BURLINGTON AREA SCHOOL DISTRICT [BASD] is a political subdivision of the State of Wisconsin. Its principal office is at 209 Wainwright Avenue, Burlington, Wisconsin 53105. BASD receives Federal financial support as a public school district. BASD operates eight schools including Dyer Elementary School where the Plaintiffs were students at all relevant times.

10. DEFENDANT SCOTT SCHIMMEL was principal at Dyer Elementary School all a relevant times. He resides at 10296 W. Palmersheim Drive, Hales Corner, Wisconsin 53310.

11. DEFENDANT DANIEL POWERS was an educational aide at Dyer Elementary School at all relevant times. He resides at W923 Spring Prairie Road, Burlington, Wisconsin 53105.

### IV. Factual Allegations

12. Defendant Scott Schimmel [Schimmel] was hired by the Burlington Area School District [BASD] in 2011 to work at Dyer Elementary School [Dyer]. He served as principal at Dyer during all times relevant to this complaint.

13. In his capacity as principal, Schimmel had overall responsibility and decision-making authority for Dyer Elementary School.

14. Defendant Daniel Powers [Powers] was hired by BASD in 2008. He served as a classroom aide at Dyer during all times relevant to this complaint.

15. Powers received negative feedback on an evaluation in 2012 related to "establishing rapport with students in an appropriate manner."

16. In 2017 there was an investigation into Powers' use of social media with a former Dyer student. Another concern was: "Complaints were raised that you tend to supervise or work with select groups of students, often ignoring the large group." Powers was issued a written reprimand.

17. On January 17, 2020, a teacher sent Schimmel an email stating: "Sorry to do this again but I really have an issue with Dan Powers in homeroom. He keeps inviting regular education female students into my room to work on math and not working with any students on my caseload who are in my class."

18. Schimmel and other BASD employees received credible information throughout the 2021-2022 school year about multiple incidents involving Powers and Dyer students that constituted sexual harassment and/or abuse in violation of Title IX, in violation of the equal protection and due process clauses of the Fourteenth Amendment and in violation of Wisconsin state law.

19. Plaintiffs E.C.H., K.A.H. and A.M.H. were female 5th grade students at Dyer during the 2021-2022 school year.

20. Power was an educational aide at Dyer during the 2021-2022 school year.

21. Powers sexually harassed Plaintiffs on numerous occasions throughout the 2021-2022 school year by physically touching their bodies inappropriately in ways that caused them to suffer extreme discomfort.

22. During many of the sexual harassment incidents during the 2021-2022 school year, Powers' sexual harassment of the Plaintiffs included criminal sexual assaults on all three Plaintiffs.

23. Four Dyer teachers approached Schimmel at the beginning of the 2021-2022 school year and discussed how uncomfortable they were with Powers and his behavior with female students. There was no change to Powers' assignment at Dyer or to his access to female students at Dyer.

24. Schimmel and other BASD staff had sufficient information at the beginning of the 2021-2022 school year to conduct an investigation regarding Powers' sexual harassment of female student, but there was no investigation at that time.

25. An investigation conducted in April, 2022 included the following concerns expressed by Dyer teachers and aides about Powers' behavior throughout the 2021-2022 school year:

- Teacher, aide and principal have told Mr. Power's about inappropriate conduct. One aide told him: "Be careful, people are going to think you are a perv"
- The following seems universal
- Not appropriate for the age group.
  - 4th and 5th grade girls do not need a push on the swingsets which is when Powers will touch their lower back/buttocks area and waist.
  - The "Power obstacle course" included a section where the girls would require that he lift them to the monkey bars. Wasn't necessary. Made recess aide uncomfortable. He tends to touch the girls' waist often during the obstacle course and swing-set.
- He treats girls differently than boys.
  - When boy has hand raised, Powers will stand above them and point to work on their desk.

- When girl has hand raised, Powers will lower himself to their level, place right arm around their shoulder or waist and place left arm around the front and point to work on desk. Some girls have been seen trying to move away from Powers when in this position.
- Seen touching back, hugging, slowly tucks girls' hair behind their ears.

Powers retained his assignment at Dyer despite these concerns. There was no change to his access to female students at Dyer.

26. Schimmel and other BASD staff had sufficient information throughout the 2021-2022 school year to conduct an investigation regarding Powers' sexual harassment of female student, but there was no investigation until after A.H. complained in April of 2022.

27. In February of 2022, the parent of a Dyer student met with Schimmel and told him that Powers had spoken with her daughter in an inappropriate manner. Powers remained in the same assignment at Dyer. There was no change in his access to female students.

28. The sexual harassment (including sexual assaults) of the Plaintiffs by Powers continued after the other parent's complaint in February of 2022. An appropriate investigation at that time would have prevented at least some of Powers' sexual harassment (including sexual assaults) of the Plaintiffs.

29. On March 19, 2022, a Dyer student told a teacher that she was uncomfortable around Powers because he "hugs her without initiating, touches shoulder and back." That teacher told Schimmel who spoke with Powers, but Powers remained in the same assignment at Dyer. There was no change in his access to female students at Dyer.

30. The sexual harassment (including sexual assaults) of the Plaintiffs by Powers continued after March 19, 2022. An appropriate investigation at that time would have

prevented at least some of Powers' sexual harassment (including sexual assaults) of the Plaintiffs.

31. On April 7, 2022, Schimmel received an email from a parent stating:

> My daughter has referred to Mr. Powers as "the creepy aide" since the beginning of the school year for certain reasons. Recently, he's been making my daughter and others uncomfortable. It seems as though he is getting a bit invasive of their personal space.
>
> She says he walks fully into the girls bathroom. I'm assuming he is trying to hurry them along, but to go into the actual bathroom seems very wrong. She says

Powers remained in the same assignment at Dyer. There was no change to his access to female students at Dyer.

32. The sexual harassment (including sexual assaults) of the Plaintiffs by Powers continued after April 7, 2022. An appropriate investigation at that time would have prevented at least some of Powers' sexual harassment (including sexual assaults) of the Plaintiffs.

33. On April 12, 202, A.H. emailed the BASD district office stating that the Plaintiffs had told their parents that Powers had touched them inappropriately.

34. An investigation took place after A.H.'s email to BASD and Powers was terminated on April 20, 2022.

35. During the 2021-2022 school year, a time period when Powers was frequently sexually harassing (including sexual assaults) the Plaintiffs, they experienced problems with school work which were atypical based on their performance in previous school years, they went the nurses office or requested to go home in order to avoid their classroom, they were actually sick as a result of the stress and were often

unable to engage in their usual activities at school and at home. All of these were a result of the sexual harassment by Powers and of BASD's and Schimmel's acts and omissions described above.

36. Plaintiffs continue to experience physical symptoms as a result of the sexual harassment (including sexual assaults) by Powers. All three Plaintiffs are receiving therapy and that is expected to continue into the future. They are incurring costs for medical care and therapy.

## V. LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF
### Violation of Title IX, 20 U.S.C. §1681(a)
### (Against Burlington Area School District)

37. Title IX of the Education Amendments of 1972 states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. 20 U.S.C. §1681(a).

38. Title IX's prohibitions on sex discrimination extend to "any academic, extracurricular, research, occupational training or other educational program operated by a recipient" of Federal funding. 34 C.F.R. §106.31.

39. Defendant BASD operates educational institutions that provide programs and activities which receive Federal financial assistance.

40. Plaintiffs E.C.H., K.A.H. and A.M.H. were at all relevant times female BASD students protected under Title IX.

41. The discrimination and harassment of Plaintiffs was based on sex.

42. Defendant BASD, through the acts and omissions of Powers and Schimmel, treated Plaintiffs differently than other students similarly situated who are not females.

43. Officials at BASD, including Schimmel, had actual notice that Powers was sexually harassing female students but did not conduct an appropriate investigation or take other steps to protect female students.

44. BASD, through the acts and omissions of Schimmel, permitted Powers to sexually harass the Plaintiffs.

45. The discrimination and harassment of the Plaintiffs were so severe, offensive and pervasive that they altered the conditions of their education and deprived them of full access to educational opportunities and benefits which Title IX required BASD to provide.

46. BASD, through Schimmel and other employees, had knowledge of Powers' sexual harassment of female students but were deliberately indifferent to his actions.

47. BASD, through Schimmel and other employees failed to take prompt or adequate measures to protect Dyer students including Plaintiffs despite their knowledge of Powers' sexual harassment of female students.

48. Defendant BASD's violations of Title IX have been a direct and proximate cause of Plaintiffs' damages including inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, physical pain and suffering, expenses for therapy and expenses for medical treatment.

## SECOND CLAIM FOR RELIEF
### Violation of 42 U.S.C. §1983 – Equal Protection
### (Against Daniel Powers)

49. Plaintiffs E.C.H., K.A.H. and A.M.H. are entitled to equal treatment under the law pursuant to the Fourteenth Amendment to the United State Constitution.

50. Powers targeted Plaintiffs because of their sex and did not target similarly situated male students at Dyer.

51. Powers was acting with authority over Dyer students that was granted to him by BASD.

52. Powers acted under color of law.

53. Powers targeted and sexually assaulted Plaintiffs based on their sex in violation of their right to equal protection under the Fourteenth Amendment to the United State Constitution.

54. The differential treatment of Plaintiffs was intentional, arbitrary, motivated by discriminatory purposes and was not rationally related to any government interest.

55. These actions of Defendant Powers have been a direct and proximate cause of Plaintiffs' damages including inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, physical pain and suffering, emotional distress, expenses for therapy and expenses for medical treatment.

56. An award of punitive damages is appropriate because the acts of Defendant Powers were objectively unreasonable, and were pursued with malice, willfulness, and reckless indifference to the rights of other and particularly to the rights of the Plaintiffs.

# THIRD CLAIM FOR RELIEF
### Violation of 42 U.S.C. §1983 – Due Process
### (Against Daniel Powers)

57. Plaintiffs E.C.H., K.A.H. and A.M.H. possess a right to bodily integrity under the Fourteenth Amendment to the United State Constitution.

58. The right to bodily integrity is protected by the due process clause regardless of a victim's membership in a particular protected class.

59. Powers was acting with authority over Dyer students that was granted to him by BASD.

60. Powers acted under color of law.

61. Powers' conduct of sexually assaulting Plaintiffs denied them due process under the law in violation of their constitutional rights under the Fourteenth Amendment to the United State Constitution.

62. Powers' conduct of sexually assaulting Plaintiffs denied them due process in a manner that shocks the conscience.

63. These actions of Powers have been a direct and proximate cause of Plaintiffs' damages including inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, physical pain and suffering, emotional distress, expenses for therapy and expenses for medical treatment.

64. An award of punitive damages is appropriate because the acts of Defendant Powers were objectively unreasonable, and were pursued with malice, willfulness, and reckless indifference to the rights of other and particularly to the rights of the Plaintiffs.

## FOURTH CLAIM FOR RELIEF
### Violation of 42 U.S.C. §1983 – Failure to Intervene
### (Against Scott Schimmel)

65. Defendant Powers violated Plaintiffs' rights to equal protection and due process under the Fourteenth Amendment when he sexually assaulted them

66. Schimmel knew throughout the 2021-2022 school year that Powers was sexually harassing female students and that Powers posed a substantial risk of sexual assault to the Plaintiffs and other students.

67. Schimmel had a realistic opportunity to prevent harm to the Plaintiffs.

68. Schimmel failed to take reasonable steps to prevent harm to the Plaintiffs.

69. Schimmel's actions were under color of law.

70. Schimmel's acts and omissions have been a direct and proximate cause of Plaintiffs' damages including inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, physical pain and suffering, emotional distress, expenses for therapy and expenses for medical treatment.

71. An award of punitive damages is appropriate because Schimmel's acts and omissions were objectively unreasonable, and were pursued with malice, willfulness, and reckless indifference to the rights of other and particularly to the rights of the Plaintiffs.

72. All of Schimmel's acts and omissions were within the scope of his employment with BASD, and BASD is liable for any damages, attorney fees or costs.

# FIFTH CLAIM FOR RELIEF
## Negligent hiring, training, supervision and retention.
### (Against BASD and Scott Schimmel)

73. Plaintiffs complied with the provisions of Wis.Stat., §893.80 by serving Defendant BASD with a Notice of Claim on August 22, 2022 and by serving Defendant Schimmel with a Notice of Claim on August 29, 2022.

74. BASD and Schimmel had actual notice of the claim pursuant to Wis.Stat., §893.80(1d)(a) and would not be prejudiced by any deficiency in the notice process.

75. BASD and Schimmel had a special relationship with Plaintiffs based on Plaintiffs' status as minor students enrolled in BASD's school.

76. BASD, by and through its employees including Schimmel, owed a duty to Plaintiffs to protect them from sexual harassment (including sexual assault) while they attended Dyer.

77. BASD and Schimmel owed a duty to children enrolled at Dyer to train its employees regarding appropriate relationships and behavior with students.

78. Under Wis.Stat., §48.981, a Wisconsin school administrator or any other school employee is required to make a report to the appropriate county agency if that person has reasonable cause to suspect that a child has been abused or has reason to believe that a child has been threatened with abuse.

79. BASD and Schimmel owed a duty to children enrolled at Dyer to train its employees to detect and report inappropriate behavior such as sexual harassment (including sexual assaults) by other BASD employees who had contact with students.

80. BASD had a special relationship with Powers based on his employment.

81. BASD and Schimmel knew or should have known that Powers had an inappropriate sexual interest in female students.

82. BASD and Schimmel knew or should have known that Powers had an inappropriate connection to Plaintiffs and other female students which demonstrated both the specific threat posed to Plaintiffs and general threat to young female students.

83. It was foreseeable to BASD and Schimmel that Powers would develop an inappropriate interest in Plaintiffs, and would sexually harass (including sexual assault) them.

84. BASD and Schimmel had a duty to protect Plaintiffs from sexual harassment (including sexual assault) by Powers.

85. BASD's policies and procedures were inadequate to protect Dyer students including the Plaintiffs.

86. BASD and Schimmel breached their duties to Plaintiffs by:

   (a) Failing to reasonably screen and investigate prospective employees to determine whether they are properly trained and qualified to work with students.
   (b) Failing to exercise reasonable care in the supervision of the Plaintiffs and other Dyer students.
   (c) Placing Plaintiffs and other Dyer students in a situation where they were exposed to an unreasonable risk of harm.
   (d) Failing to properly train BASD employees to identify and report sexual harassment and abuse to proper authorities.
   (e) failing to make a timely report under Wis.Stat., §48.981 based on information in their possession that they had reasonable cause to suspect that the Plaintiffs and/or other students had been abused by Powers or

had reason to believe that the Plaintiffs and/or other children had been threatened with abuse by Powers.

(f) Failing to have policies or training programs to prevent sexual harassment and abuse, and to ensure compliance with all applicable legal requirements.

(g) Failing to exercise reasonable care in the supervision of Powers.

(h) Failing to properly investigate Powers' interactions with female students.

(i) Failing to take appropriate steps to ensure the safety of female students.

(j) Failing to warn A.H. and M.H. of the risk of harm that Powers posed to their daughters.

87. The actions of BASD and Schimmel were the cause-in-fact of Powers' wrongful acts.

88. The acts and omissions of BASD and Schimmel have been a direct and proximate cause of Plaintiffs' damages including inability to learn, missed opportunities for academic instruction, delays in academic achievement, future loss of vocational opportunities, future lost income, physical pain and suffering, emotional distress, expenses for therapy and expenses for medical treatment.

89. All of Schimmel acts and omissions were within the scope of his employment with BASD, and BASD is liable for any damages, attorney fees or costs.

## VI. **RELIEF REQUESTED**

Plaintiffs request the following:

A. An award of compensatory damages against all Defendants.

B. An award of nominal damages against all Defendants for any causes of action which do not involve an award of compensatory damages.

C. An award of punitive damages against Defendants Scott Schimmel and Daniel Powers.

D. An order authorizing the creation of special needs trusts and/or minor trusts and the transfer of damages awarded to the minor Plaintiffs into those trusts.

E. An award of attorney fees, costs and litigation expenses pursuant to 42 U.S.C. §1988

F. Such other relief as required by the interests of justice.

**A JURY TRIAL IS REQUESTED**

Date: June 16, 2023

        **DAVIS & PLEDL, SC**
        *Attorneys for the Plaintiffs*

        By: /s/ Robert Theine Pledl

        By: Victoria L. Davis Dávila

        1661 N. Water Street – Suite 410
        Milwaukee, WI 53202
        TEL    414-667-0390
        FAX    414-978-7282
        Email rtp@davisandpledl.com
        Email vldd@davisandpledl.com